| | |
|---|---|
| Case No. CV 18-10201-AB (KS) | Date: January 4, 2019 |
| Title  *Jessica Vega v. Janel Espinoza* | |

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

## Background

On December 7, 2018, Jessica Vega ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition").  (Dkt. No. 1.)  In a December 11, 2018 Order, the Court observed that it was unclear from the Petition what Petitioner's claims for relief were, and the Court ordered Petitioner to file "a signed First Amended Petition that identifies the constitutional provisions at issue and explains how her conviction violated those provisions, with a supporting statement of specific facts."  (*See* Dkt. No. 4.)

On December 26, 2018, Petitioner filed a First Amended Petition (the "FAP"), in which she states: "See attach papers for supporting facts.  I'm having a hard time to answer these questions.  It's my first time and appeal attorney isn't helping me.  So much I can provide too." (FAP at 5) (errors in original).  Plaintiff attached to the FAP a letter, in which she states: her strong belief that she was "wrongfully convicted of a crime [she] did not commit or help to commit"; her concern that she does not know how to complete the habeas petition forms; and her belief that the outcome "would have been different" if both she and her parents had testified at her trial.  (FAP at CM/ECF Page ID 32-33.)  At the end of her letter, she writes "PS Also if I can get a sentence modification.  I got too much time.  And for not being present and not committed."  (*Id.* at CM/ECF Page ID 33) (errors in original).

Petitioner also attached to the FAP:  one page of the Reporter's Transcript, in which defense counsel moved to dismiss several or all of the counts against Petitioner (*Id.* at CM/ECF

Page ID 34); two pages of the Clerk's Transcript, concerning the same motion (*id.* at CM/ECF Page ID 35-36); one page of the Reporter's Transcript, in which defense counsel asked the trial court, at sentencing, to re-evaluate the evidence against Petitioner (*id.* at CM/ECF Page ID 37); a letter to Petitioner from Petitioner's appellate attorney (*id.* at CM/ECF Page ID 38-41); and, finally, a "Rehabilitative Achievement Credit Attendance Summary" from Central California's Women's Facility, with a note from Petitioner that reads: "These are the groups I take and do to better myself. I'm also working on my Ged. These are also all the papers I have from each attorney I had that said I had insufficient evidence and did not fight for me as hard as they should have. Also I never been in trouble and this is my first offense and that I wasn't involve" (*id.* at CM/ECF Page ID 42) (errors in original).

## Applicable Law

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the petition must "state facts that point to a real possibility of constitutional error." Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the court may not supply essential elements of a claim that were not initially pled. *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *see e.g.*, *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to

summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)). When the petitioner received notice of a pleading defect and its consequences and received an opportunity to correct the defect but was unable to do so, dismissal is appropriate. *See*, *e.g.*, *Simmons v. Kernan*, No. 2:17-CV-2276-EFB P, 2018 WL 4852156, at *2 (E.D. Cal. Oct. 5, 2018) (dismissing habeas petition that does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 2 of the Habeas Rules); *Romain v. Fakoury*, No. CV 11-07989 DDP AN, 2012 WL 3070997, at *7 (C.D. Cal. Mar. 13, 2012), report and recommendation adopted, No. CV 11-07989 DDP AN, 2012 WL 3073192 (C.D. Cal. July 30, 2012) (dismissing habeas petition where the petitioner was unable to amend it to state a claim despite receiving opportunities to do so).

## Pleading Defects in the First Amended Petition

The Court previously notified Petitioner that, in her amended petition, she needed to identify her claims and explain the relationship of the facts to the claims asserted. The Court warned Petitioner that her failure to timely reply could result in dismissal. Nevertheless, Petitioner failed to comply with the Court's order, and, instead, seemed to ask the Court to conduct its own investigation to determine what claims she should present. (*See, e.g.*, FAP at CM/ECF Page ID 32-33 ("I'm seeking help for my innocence . . . I don't know what I'm doing and don't have help . . . If you have any questions please write to me."), *id.* at CM/ECF Page ID 33 ("Also if you need more information you can get more info from the appeal lawyer that was appoint to me and is not helping me either anymore.")) (errors in original). As stated above, where, as here, the petitioner received notice of a pleading defect and its consequences and received an opportunity to correct the defect but was unable to do so, dismissal is appropriate. However, in the interests of justice, the Court grants Petitioner one <u>final</u> opportunity to file a habeas petition that complies with the pleading standard of Habeas Rule 2.

## Order

IT IS HEREBY ORDERED that, no later than January 25, 2019, Petitioner shall show cause why this action should not be dismissed for failure to comply with the applicable pleading standards. **To discharge this Order, Petitioner must file, no later than January 25, 2019, a Second Amended Petition that clearly and concisely identifies her claims for relief – that is, what aspects of the police investigation and/or Petitioner's subsequent trial, conviction,**

**and/or sentence Petitioner believes violated her constitutional rights.** Petitioner must also explain in the Second Amended Petition *why* she believes these aspects of the police investigation and/or her subsequent trial, conviction, and/or sentence violated her constitutional rights.

The Court will liberally construe a *pro se* pleading but it cannot conduct its own investigation or parse through letters and other documents to determine the number and nature of Petitioner's claims for relief. As stated above, at a minimum, the Second Amended Petition must provide "fair notice" of the number and nature of Petitioner's claims. To these ends, the Clerk is directed to send Petitioner a copy of the Central District's form Section 2254 Petition (Form CV-69).

Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. Such a dismissal would be without prejudice.

**However, Petitioner's failure to timely file either a Notice of Voluntary Dismissal or a Second Amended Petition that clearly identifies the number and nature of her claims for federal habeas relief <u>will</u> result in a recommendation of dismissal.**

**IT IS SO ORDERED**.

                                                                              :
                                                    **Initials of Preparer**    gr